IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| JAMES M. BOWLER | : | BANKRUPTCY NO.: 5-06-bk-51571 |
| EILENE E. BOWLER, | : | |
| DEBTORS | : | |
| WILLIAM G. SCHWAB, TRUSTEE | : | {**Nature of Proceeding**: Motion to |
| PLAINTIFF | : | Dismiss Adversary Proceeding} |
| vs. | : | |
| BENEFICIAL CONSUMER DISCOUNT CO., | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-07-ap-50178** |

# OPINION[1]

On or about March 24, 2006, the Debtors and the above-captioned Defendant, Beneficial Consumer Discount Co., hereinafter "Defendant," entered into a loan transaction in the principal amount of $70,998.88 which loan was secured by a mortgage also dated March 24, 2006 and recorded in the Office of the Recorder of Deeds in and for the County of Schuylkill, Pennsylvania. Attached to the Loan Agreement was an Arbitration Rider signed by both Debtors and a representative of the Defendant and, again, dated March 24, 2006. Among other terms, the Arbitration Rider provides the following:

> [Y]ou agree that either Lender or you may request that any claim, dispute, or controversy (whether based upon contract; tort, intentional or

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[m:\users\cathy\opinions\5-07-ap-50178_Bowler.wpd]

>     otherwise; constitution; statute; common law; or equity and whether pre-
>     existing, present, or future), including initial claims, counter-claims, cross-
>     claims, and third-party claims, arising from or relating to this Agreement or
>     the relationships which result from this Agreement, including the validity or
>     enforceability of this arbitration clause, any part thereof or the entire
>     Agreement ("Claim"), shall be resolved, upon the election of you or us by
>     binding arbitration pursuant to this arbitration provision and the applicable
>     rules or procedures of the arbitration administrator selected at the time the
>     Claim is filed.

See Doc. #11, *Defendant's Memorandum of Law in Support of the Motion of Beneficial Consumer Discount Co. to Dismiss Adversary in Favor or Arbitration* at Exhibit "A".

Subsequent to his appointment as Chapter Seven Trustee, William G. Schwab, filed an Amended Complaint to Determine Interest in Property of Estate and for Damages Under the Truth in Lending Act. In the Trustee's own words, he "challenges the existence of Defendant Lender's secured claim in the property and the extent of its unsecured claim on the basis of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601." The Trustee makes allegations of several violations of the Truth in Lending Act and "Regulation Z"; namely, the Defendant's failure to provide the Debtors timely notice of the Debtors' rights to rescind the underlying credit transaction. The Trustee avers that standing in the shoes of the Debtors, pursuant to 11 U.S.C. § 541, he now has a right to rescind the underlying consumer transaction and further requests damages, together with costs and attorney's fees, and a determination by this Court that the Defendant does not have a secured interest in the underlying property subject to the mortgage mentioned above.

The Trustee's Complaint was met by the Defendant's Motion to Dismiss the

adversary action which Motion also contains Defendant's election to proceed to arbitration as more fully set forth in the Arbitration Rider attached to the Loan Agreement.

The Trustee responded to the Motion to Dismiss by acknowledging that the Federal Arbitration Act does require certain bankruptcy proceedings to be submitted to arbitration but that the underlying adversary presented to the Court a core proceeding requiring immediate disposition by the Bankruptcy Court.[2]

The enforceability of pre-petition arbitration clauses in agreements between debtors and creditors is no stranger to the jurisprudence of the Third Circuit. In this regard, this Court looks to the cases of *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 885 F.2d 1149 (3d Cir. 1989) and *Mintze v. American General Financial Services, Inc.*, 434 F.3d 222 (3d Cir. 2006)[3].

Initially, I note that any core/non-core distinction raised by the Trustee does not impact the ultimate resolution that this case presents. While this distinction does not impact on my discretion as to whether I will deny enforcement of an arbitration agreement, it does determine whether I have jurisdiction to make a full adjudication in this matter. *Mintze*, 434 F.3d at 229.

It is in this case that the Trustee, stepping into the shoes of the Debtors pursuant to

---

[2] Neither the validity of the underlying consumer loan agreement nor its arbitration rider was questioned by the Trustee.

[3] The *Mintze* case also involved an effort by the debtor to rescind a pre-petition mortgage by asserting rights under the Truth and Lending Act.

11 U.S.C. § 541, has brought a cause of action against the Defendant based solely upon allegations of pre-petition TILA violations. I have determined that the present matter presents, at best, a non-core proceeding. As such, I would be permitted only to make proposed findings of fact and conclusions of law which I would then need to submit to the District Court. See 28 U.S.C. § 157(c)(1). The procedural posture leads me to a conclusion that judicial economy would not be served by my exercising non-core jurisdiction over the underlying adversary, and this is particularly so since the record does not present me a stipulation by the parties that would authorize me to make final findings of fact and conclusions of law.

I am well aware that the use of discretionary or permissive abstention under 28 U.S.C. § 1334(c)(1) is an extraordinary remedy and often not readily utilized by bankruptcy courts. See *In re West Coast Video Enterprises, Inc*., 145 B.R. 484 (E.D. Pa. 1992). True, if the Trustee is successful in the underlying action, an increase in the distribution to creditors of the estate may be forthcoming. The effect of any future distribution of funds to the creditors does not provide such a causal effect on the administration of the case as to cause me any hesitation to abstain to the proper federal court for resolution of the underlying issues. The entire basis of the adversary is founded on alleged violations of the TILA statute and not on any substantive rights created by the Bankruptcy Code.

It is for the foregoing reasons that I will grant the Defendant's Motion to Dismiss, and I will further exercise my discretion and permissively abstain from adjudicating the

underlying complaint under the dictates of 28 U.S.C. § 1334(c)(1).

An Order will follow.

Date: October 14, 2008

John J. Thomas, Bankruptcy Judge

(CMS)

This opinion is electronically signed and filed on the same date.